# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5692

_____

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

Appellant,

v.

JENNIFER ANN HAWKINSON and
BRIAN REYNOLDS PETERS,

Appellees.

_____

On appeal from the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.

January 2, 2018

PER CURIAM.

State Farm Mutual Automobile Insurance Company appeals the partial final judgment entered in favor of Appellee Jennifer Ann Hawkinson in her suit for uninsured motorist (UM) benefits under her parents' insurance policy.[1]  The policy provided UM

---

[1] The partial final judgment is appealable even though Ms. Hawkinson's claims against the alleged tortfeasor, Appellee Brian Reynolds Peters, remain pending in the trial court because the judgment resolves all of her claims—except an abated bad faith

coverage to the parents' relatives and it defined "relative" to include a related person who "resides primarily" with the parents, as well as the parents' "unmarried and unemancipated child away at school." The trial court determined that Ms. Hawkinson met the definition of "relative" because, at the time of the accident for which she was seeking UM benefits, she was unmarried, unemancipated, and away at college. Although there was conflicting evidence that reasonably could have supported a contrary finding regarding Ms. Hawkinson's emancipation status, we are constrained to affirm because the finding made by the trial court is supported by competent substantial evidence. *See Bonich v. State Farm Mut. Auto Ins. Co.*, 996 So. 2d 942, 944 (Fla. 2d DCA 2008) ("While the question being litigated was the legal question of coverage, that question turned on the resolution of disputed issues of fact concerning [the insured's child's] residence. The trial court held an evidentiary hearing to resolve those disputed issues of fact, and it then reached a legal conclusion on coverage based on its findings of fact. We review the trial court's findings of fact in a declaratory judgment action to determine whether they are supported by competent, substantial evidence."). And, based on this disposition, we need not address the propriety of the trial court's alternative determination that Ms. Hawkinson met the policy's definition of relative because she still "reside[d] primarily" with her parents despite significant indicia that she had moved out for good.

AFFIRMED.

WETHERELL, RAY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

claim—against State Farm. *See* Fla. R. App. P. 9.110(k); *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1227-28 (Fla. 2016).

2

Rhonda B. Boggess and Gina P. Grimsley of Taylor, Day, Grimm & Boyd, Jacksonville, for Appellant.

William A. Bald, Benjamin E. Richard, and Lee T. Griffin of Pajcic & Pajcic, P.A., Jacksonville, for Appellee Jennifer Ann Hawkinson.

No appearance for Brian Reynolds Peters, Appellee.